## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VICTOR GULLEY, )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>)<br>**BRIAN T. MOYNIHAN, and/or his** )<br>**successor, individually, and in his official** )<br>**capacity as PRES/CEO of BANK OF** )<br>**AMERICA, IRA T. NEVEL, and/or his** )<br>**successor, individually and in his official** )<br>**capacity as PRES/Principal of LAW** )<br>**OFFICES of IRA T. NEVEL, LLC,** )<br>**BANK OF AMERICA, NA and KATHY** )<br>**REPKA and/or her successor,** )<br>**individually and in her official capacity** )<br>**as attorney for Bank of America,** )<br>)<br>    **Defendants.** ) | 10 C 4435<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Victor Gulley filed suit against Brian T. Moynihan, Bank of America, Ira T. Nevel, the Law Offices of Ira T. Nevel, LLC (collectively referred to herein as "Ira T. Nevel and his Law Offices") and Kathy Repka for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Defendants Moynihan and Repka moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and all defendants moved to dismiss pursuant to Rule 12(b)(6). For the reasons provided in this Memorandum and Opinion, the Court grants in part and denies in part Moynihan, Repka and Bank of America's motion to dismiss and denies Ira T. Nevel and his Law Offices' motion to dismiss.

**Facts**

On October 20, 2008, plaintiff received a summons from Ira T. Nevel and his Law Offices on behalf of Bank of America stating that plaintiff had an outstanding debt with Bank of America. (Compl. ¶ 8.)[1] Plaintiff had already seen the outstanding debt on his Experian and Equifax credit reports, and had "requested confirmation/disputed" the debt with both credit bureaus. (*Id.* at 7-8.) On October 29, 2008, plaintiff sent a letter to Bank of America and Nevel asking them to verify and/or provide proof of the alleged debt. (*Id.* ¶¶ 11-12.) Neither party ever verified the debt. (*Id.* at 7, ¶ 13.) Thereafter, Ira T. Nevel and his Law Offices proceeded with collection practices on behalf of Bank of America. (*Id.* ¶ 14.)

Also in October 2008, plaintiff sent Bank of America a letter advising it not to call or contact any parties regarding the debt. (*Id.* ¶ 10.) After sending the letter, plaintiff alleges he received seventy-one phone calls from defendants Brian Moynihan and Bank of America. (*Id.* ¶ 10.) Plaintiff alleges he also received phone calls from an agent of Brian Moynihan and Bank of America on or about July 9, 2008 and December 30, 2009. (*Id.* at 3, ¶ 9.)

**Discussion**

In his ten-count complaint, plaintiff alleges that Bank of America, Brian T. Moynihan and Ira T. Nevel and his Law Offices are liable for violations of the FDCPA (Counts I-III). He further alleges that Bank of America and Moynihan are liable for

---

[1] Only some paragraphs in plaintiff's complaint are numbered. Where they are not numbered, the Court has cited to the appropriate page of the complaint.

violations of the FCRA (Counts IV-X), and that Kathy Repka is liable for fraud and/or perjury (Compl. ¶ 15).  Part I of this Opinion will address defendants Moynihan and Repka's motion to dismiss for lack of personal jurisdiction.  Part II of this Opinion will address the remaining defendants' motions to dismiss for failure to state a claim.

I.      **Personal Jurisdiction**

When deciding a Rule 12(b)(2) motion to dismiss, "all well-pleaded jurisdictional allegations in the complaint are accepted as true unless controverted by affidavit." *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1021 (N.D. Ill. 2004). "Any conflicts in the pleadings and affidavits are to be resolved in the plaintiffs' favor, but the court accepts as true any facts contained in the defendants' affidavits that remain unrefuted by the plaintiffs."  *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003); *see RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).  The plaintiff bears the burden of proving the jurisdictional requirements are met.  *RAR, Inc.,* 107 F.3d at 1276.

This Court may exercise personal jurisdiction over Moynihan if permitted by the Illinois long-arm statute.  *See* Fed. R. Civ. P. 4(k)(1)(A) (providing that service is effective to establish jurisdiction over defendants "who is subject to the jurisdiction of a court . . . in the state in which the district court is located").  A state's exercise of personal jurisdiction is also subject to the demands of the Fourteenth Amendment's due process clause.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Because the

Illinois long-arm statute "permits its courts to exercise jurisdiction on any bases permitted by the Illinois and United States Constitution," the Seventh Circuit has found that the state statutory and federal constitutional requirements merge into one federal due process inquiry. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing 735 Ill. Comp. Stat. 5/2–209(c)). Thus, the ultimate constitutional question is whether the defendant had "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

This inquiry can be satisfied by demonstrating either "general" or "specific" personal jurisdiction. *Id.* General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, and as such, can be sued there for any cause of action arising in any place. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). Specific jurisdiction exists when the plaintiff shows that his claims against defendant arise out of defendant's constitutionally sufficient contacts with the state. *Id.* at 780. The most important factor in assessing specific jurisdiction is foreseeability, that is, whether the defendant could have anticipated being haled into the courts of the forum state. *See id.*

### A. Brian T. Moynihan

Because there is no evidence or argument that Moynihan has continuous business contacts with Illinois, the plaintiff must establish specific jurisdiction. Although plaintiff

4

admits he has never had any business affiliation, contract or relationship with Moynihan (*see* Compl. at 7), he argues the following with regard to jurisdiction:  (1) Moynihan is the president of Bank of America (Compl. ¶ 5); (2) an agent of Moynihan's and Bank of America called him on July 9, 2008 and December 30, 2009 (*Id.* ¶ 9; *see id.* at 3); and (3) Moynihan and Bank of America have made seventy-one calls to him since receiving notice on October 8, 2008 from plaintiff stating not to call or contact any parties regarding his debt (*Id.* ¶ 10).  Moynihan responds by establishing that he is a resident of Massachusetts and was not president of Bank of America until January 1, 2010, which is after some of the alleged phone calls took place.  (Moynihan's Mem. Supp. Mot. Dismiss Ex. A, Gerrish Dela. at 1-2, Aug. 31, 2010.)

      Based on the evidence in this case, the Court finds that Moynihan does not have sufficient "minimum contacts" with Illinois to the extent he could reasonably anticipate being haled into court here.  The only evidence of any contact between plaintiff and Moynihan in Illinois are the alleged phone calls from Moynihan and Bank of America's agent.  First, some of these alleged calls occurred before Moynihan was president of Bank of America.  (Compl. ¶ 9, at 3.)  Second, in support of these allegations plaintiff attaches a phone log that shows calls from an "800" number to a "773" number, but the owner of either number is never identified.   (*Id.* Ex. B., Phone Log at 1.)  In other words, there is no evidence that either of these numbers belongs to Moynihan or Bank of America or that Moynihan or Bank of America's agent spoke to plaintiff during these phone calls.

Last, and perhaps most importantly, plaintiff never alleges that the phone calls were in regard to the debt at issue. Rather, in his complaint, plaintiff repeatedly states that "Brian T. Moynihan [and] Bank of America, NA, . . . never contacted [him] at any time . . . [regarding] any alleged debt/account." (*Id.* at 7.) And, as such, plaintiff had to try and contact "Brian T. Moynihan, Bank of America, NA on several . . . occasions . . . and had never received an answer . . . [thereby] forcing plaintiff to [file] this court action." (*Id.* at 7-8.) It appears from these allegations that plaintiff never spoke to Moynihan or Bank of America about the debt, which forced him to file the instant action. In sum, plaintiff has failed to satisfy its burden of establishing that this Court has personal jurisdiction over Moynihan. On the information it has, the Court cannot find that Moynihan had sufficient "minimum contacts" such that haling Moynihan into court in Illinois would not offend "traditional notions of fair play and substantial justice." *See RAR, Inc.*, 107 F.3d at 1278 ("Potential defendants should have some control over-and certainly should not be surprised by-the jurisdictional consequences of their actions."). Accordingly, the Court grants Moynihan's motion to dismiss for lack of personal jurisdiction.

B.  **Kathy Repka**

Similarly, because there is no evidence or argument that Repka has continuous business contacts with Illinois, the plaintiff must establish specific jurisdiction. Plaintiff has not established that Repka has "minimum contacts" with Illinois. Plaintiff's sole allegation regarding Repka states that she provided false information in an affidavit

regarding plaintiff's outstanding debt with Bank of America. (Compl. ¶ 15.) Repka is a resident of Texas, and although employed by Bank of America, there has been no evidence presented that she has any contacts with Illinois. (Repka's Mem. Supp. Mot Dismiss Ex. A, Repka Aff. at 1, Sept. 20, 2010.) Therefore, the Court grants Repka's motion to dismiss for lack of personal jurisdiction.[2]

## II.     Alleged Violations of the FDCPA & FCRA

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations in plaintiff's complaint, drawing all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint should give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face" and raise the possibility of relief above the "speculative level." *Id.* at 555, 570.

### A.     FDCPA Claims (Counts I-III)

Counts I-III allege that Bank of America violated the FDCPA. Bank of America argues that because it is not a "debt collector" under the FDCPA, the complaint fails to state a claim. The Court agrees. The FDCPA protects debtors from improper acts of

---

[2] Because the Court has found that it does not have personal jurisdiction over Moynihan or Repka, it need not address the remainder of the arguments in their respective motions to dismiss.

"debt collectors," defined as "any person . . . who collects . . . debts owed . . . or due to another." 15 U.S.C. § 1692a(6). It does not include a creditor who collects its own debt using its own name, or "any officer or employee of a creditor who, while acting in the name of the creditor, collects debts for such creditor." § 1692a(6)(A). Here, none of plaintiff's allegations suggest that Bank of America was seeking to collect a debt that was owed to another. Rather, in construing the complaint in the light most favorable to plaintiff, the allegations only suggest that Bank of America was acting as a creditor by collecting a debt owed to it, not a third party, as would be required for the FDCPA to apply. Nor does the complaint allege that Bank of America used the name of a third party while attempting to collect its debt, such that the FDCPA would apply. § 1692(a)(6). Therefore, the Court grants Bank of America's motion to dismiss with regard to any FDCPA claim.

Counts II and III allege that Ira T. Nevel and his Law Offices violated the FDCPA. Nevel's only argument (and his only basis for dismissal) is that such claims are time-barred pursuant to § 1692(k)(d) of the FDCPA, which states that FDCPA claims must be brought within one year from the date on which the alleged violation occurred. § 1692(k)(d). A complaint need not, however, anticipate and overcome affirmative defenses, such as Nevel's defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see Cancer Found., Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 674-75 (7th Cir. 2009) (stating that it is unusual to dismiss a complaint as untimely at the pleading stage). It is only when a plaintiff "pleads itself out of court," by asserting facts and admitting all the elements that establish the defense, that dismissal may be

8

appropriate. *Xechem, Inc.*, 372 F.3d at 901. Moreover, whether a plaintiff will be able to respond to the statute-of-limitations defense by relying on equitable estoppel or tolling will require evidence that is not required at the motion-to-dismiss stage. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004).

Here, plaintiff has not pled himself out of court. Of the two counts against Ira T. Nevel and his Law Offices, plaintiff first alleges that they never notified him that all further collection activities were terminated and second, that on October 29, 2008 he sent a debt validation request to these defendants and they failed to properly respond in violation of the FDCPA. (*See* Compl. Counts II-III.) He does not allege, however, any discrete acts or dates associated with such violations, and therefore, has not pled himself out of court. Moreover, it is too early in the litigation to determine whether there are valid reasons to support equitable tolling or estoppel. Therefore, the Court denies defendants Ira T. Nevel and his Law Offices' motion to dismiss.

### B. FCRA Claims (Counts IV-X)

The remaining counts in plaintiff's complaint allege that defendants violated §§ 1681s-2(a) and 2(b) of the FCRA. There is no private right of action, however, for violations of § 1681s-2(a) of the FCRA. *Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006). Therefore, the Court grants Bank of America's motion to dismiss based on violations of § 1681s-2(a).

The situation is different for the claim alleging a violation of § 1681s-2(b) of the FCRA. (Compl. Count X.) Section 1681s-2(b) obligates banks to, among other things,

investigate reports of disputes they receive from credit bureaus. Plaintiff's complaint alleges that plaintiff has "requested confirmation/disputed" the debt with two different credit bureaus on several occasions. (Compl. at 8.) Essentially, Bank of America argues that plaintiff has not pled the filing of his dispute with enough specificity to allege a violation of § 1681s-2(b). In response, plaintiff attaches a letter to one of the credit bureau's disputing the debt. (Pl.'s Resp. Defs.' Mot. Dismiss Ex. F., Letter to Experian, at 1.) Bank of America argues that the letter should not be considered by the Court because it is not part of the pleadings as it was not part of plaintiff's complaint. Regardless of whether the Court considers the letter, plaintiff's complaint provides "fair notice" of his § 1681s-2(b) FCRA claim and that recovery is plausible, which is all he is required to do at this stage. *Bell*, 550 U.S. at 555. Although Bank of America may argue at summary judgment that plaintiff did not dispute the debt with any of the credit bureaus within the relevant time frame, at this point plaintiff's recovery under the FCRA is plausible and that is all that is required. *Id.* Therefore, the Court denies Bank of America's motion to dismiss based on violations of § 1681s-2(b) of the FCRA.

## Conclusion

For the reasons stated above, the Court grants Brian T. Moynihan and Kathy Repka's motions to dismiss [doc. nos. 14 & 20] for lack of personal jurisdiction, grants in part and denies in part Bank of America's motion to dismiss [doc. no. 20] and denies Ira T. Nevel and his Law Offices' motion to dismiss [doc. no. 26]. Moynihan and Repka are hereby terminated as defendants. Bank of America's motion to dismiss is granted as to

the FDCPA claims (Counts I-III) and the § 1681s-2(a) FCRA claims (Counts IV-IX) and denied as to the § 1681s-2(b) FCRA claim (Count X). Therefore, the remaining claims are: (1) two FDCPA claims against Ira T. Nevel and his Law Offices (Counts II-III); and (2) a § 1681s-2(b) FCRA claim against Bank of America (Count X).

Dated: June 17, 2011

**SO ORDERED**                          **ENTER:**

                                                */s/ Ronald A. Guzman*

                                         **RONALD A. GUZMAN**
                                         **District Judge**